NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MENDONCA & PARTNERS, LLC, HELDER MENDONCA and DAVID HARTMANN, <br><br> Plaintiffs, <br><br> v. <br><br> PRAKASH BASKARAN, PAWAA, INC., PAWAA SOFTWARE PVT LTD. and CISCO SYSTEMS, INC., <br><br> Defendants. | Civ. No. 16-639 (KM) (JBC) <br><br> OPINION |

**MCNULTY, U.S.D.J.:**

    Now before the Court is the motion (ECF no. 15) of Defendants PAWAA, Inc., and Cisco Systems, Inc., to dismiss the Second Amended Complaint ("2AC", ECF no. 9) for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the motion is denied. Because I write for the parties, I dispense with a recitation of the allegations of the complaint.

**LEGAL STANDARD**

    Rule 12(b)(6), Fed. R. Civ. P., provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

### A. Counts 1 and 2 - Breach of Contract

Count 1 alleges breach of the Mendonca Agreement. Count 2 alleges breach of the Hartmann Agreement. Both, I find, are sufficiently alleged.

Under New Jersey law,[1] the elements of a breach of contract are that (1) the parties entered into a valid contract; (2) the defendant failed to perform its contractual obligation; and (3) the plaintiff sustained damages as a result. *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013) (citing *Coyle v. Englander's*, 488 A.2d 1083 (N.J. Super. Ct. App. Div. 1985)); *Peck v. Donovan*, 565 F. App'x 66, 69–70 (3d Cir. 2012) (citing *Murphy v. Implicito*, 920 A.2d 678 (N.J. Super. Ct. App. Div. 2007)).

> A contract arises from offer and acceptance, and must be sufficiently definite "that the performance to be rendered by each party can be ascertained with reasonable certainty." *West Caldwell v. Caldwell*, 26 N.J. 9, 24–25, 138 A.2d 402 (1958) [further

---

[1] Jurisdiction is premised on diversity, *see* 28 U.S.C. § 1332(a). The events in suit occurred in New Jersey, and the parties cite New Jersey law.

> citations omitted]. Thus, if parties agree on essential terms and manifest an intention to be bound by those terms, they have created an enforceable contract. *See West Caldwell, supra,* 26 N.J. at 24–25, 138 A.2d 402 [further citations omitted]

*Weichert Co. Realtors v. Ryan,* 608 A.2d 280, 284 (N.J. 1992). "An offeree may manifest assent to the terms of an offer through words, creating an express contract, or by conduct, creating a contract implied-in-fact. *See* Restatement (Second) of Contracts § 19(1) (1981)." *Id.*

As to Count 1, defendants argue that the complaint fails to set forth necessary detail as to the circumstances of contract formation. They acknowledge that a copy of the Mendonca Agreement is annexed to the 2AC (2AC Ex. A), but they contend that this was a mere unaccepted offer. The 2AC alleges, and the Agreement provides, that Mendonca and M&P would provide accounting services in exchange for a .5% equity interest in the Pawaa enterprise. That sets forth the terms with reasonable certainty. (*See* 2AC ¶ 16; *id.* Ex. A)

The 2AC alleges acceptance of the offer, concededly in general terms. (2AC ¶ 17) But it follows up on that conclusory statement. The 2AC itemizes the accounting services provided and the introduction of defendants to ADP, a payroll processing company. (2AC ¶ 18). It further alleges that payment for services was owing at the time of a later corporate transaction, that defendants knew payment was owing, and that they engaged in a fraudulent transaction to avoid the claim. (2AC ¶ 20) This is a sufficient allegation of the existence of a contractual agreement.

As to Count 2, defendants claim that, in addition to breach of the Hartmann Agreement, there are "amorphous allegations regarding the use of Hartmann's name to open accounts with 'service providers'" (Def. Br. at 7, citing 2AC ¶¶ 42–43) As a result, say defendants, Count 2 appears to contain multiple claims, and therefore violates the command of Fed. R. Civ. P. 10(b) that each claim based on a separate transaction or occurrence be alleged in a separate count "[i]f doing so would promote clarity." Count 2 is not so

multifarious or confusing that it must be dismissed. The claim or claims contained therein may be refined by discovery.

Defendants also claim that Count 2 fails to state a claim for breach of the Hartmann Agreement. They base their contentions on the failure of conditions precedent: "(i) execution of Pawaa Software's series A round of funding; and (ii) implementation and distribution of an employee stock option plan thereafter." (Def. Br. at 8) The actual language of the agreement, however, is as follows: ""Equity will be based on the ESOP program guidelines of the company, a copy of which is to be provided to you upon the execution of the company's series A round of funding." That is not so self-evidently phrased as a condition precedent, as opposed to an ordinary contractual promise, that I may cut off plaintiffs' claims at the pleading stage. *See generally Nye v. Ingersoll Rand Co.*, 783 F. Supp. 2d 751, 766 (D.N.J. 2011) (Debevoise, J.) (conditions precedent are disfavored, and will be found only when compelled by the language of the contract).[2]

For the foregoing reasons, the motion to dismiss is denied as to Counts 1 and 2.

### B.   Counts 3 and 6 – Unjust Enrichment, Promissory Estoppel

Counts 3 and 6 plead unjust enrichment and promissory estoppel. These are causes of action commonly pled in the alternative to breach of contract.

Under New Jersey law, to state a claim for unjust enrichment, "a plaintiff must allege that (1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain benefit without paying for it." *Snyder v. Farnam Cos., Inc.*, 792 F. Supp. 2d 712, 723–24 (D.N.J. 2011). At the pleading stage, a plaintiff "need only allege facts sufficient to show: 1) Plaintiff conferred a benefit on Defendant; and 2) circumstances are such that to deny recovery would be unjust." *Palmeri v. LG*

---

[2]   Moreover, the failure of any such condition precedent, or whether such failure may be excused, present factual issues ill-suited to resolution on a motion to dismiss. *Cf.* Fed. R. Civ. P. 9(c) (fulfillment of conditions precedent may be pleaded generally) Denial of the occurrence of a condition precedent must be pleaded with particularity, *id.*, and frequently is cast as a defense.

4

*Electronics USA, Inc.*, Civ. No. 07-CV-5706, 2008 WL 2945985, *5 (D.N.J. July 30, 2008) (citing *Weichert Co. Realtors v. Ryan*, 608 A.2d 280, 285 (N.J. 1992)).

> [T]o establish a claim for promissory estoppel, Plaintiffs must show: (1) a clear and definite promise by the promisor; (2) the promise must be made with the expectation that the promisee will rely thereon; (3) the promisee must in fact reasonably rely on the promise, and (4) detriment of a definite and substantial nature must be incurred in reliance on the promise. *Malaker Corp. Stockholders Protective Committee v. First Jersey Nat'l Bank*, 395 A.2d 222, 230 (N.J. Super. Ct. App. Div. 1978).

*Rost v. Avelo Mortgage, LLC*, No. CV 15-3254, 2015 WL 6737026, at *5 (D.N.J. Nov. 3, 2015).

The 2AC alleges that the defendants represented that they would pay plaintiffs and give them equity interests for services and other benefits conferred. Primarily, it alleges that they did so pursuant to contract. It is permissible, however, to plead in the alternative that, even absent a valid contract, a plaintiff is entitled to recover the value of what has been conferred, whether based on general considerations of justice or on promises.

The motion to dismiss is denied as to Counts 3 and 6.

### C.   Count 4 – Corporate veil, successor liability

Count 4 alleges that defendant Cisco, which purchase Pawaa, is liable pursuant to the doctrines of piercing the corporate veil and successor liability. Those doctrines are sufficiently pled. Defendants object primarily that these are not separate causes of action, but theories of remedy or liability based on other causes of action. This is a matter of form, not substance, and I do not discuss it further. As to Count 4, the motion is denied.

### D.   Count 5 – Legal fraud

Count 5 alleges legal fraud. Defendants contend that it fails to do so as a matter of law, or at least that it fails to do so with the requisite particularity under Fed. R. Civ. P. 9(b). The fraud alleged is twofold: (1) that defendants "represented to plaintiffs that if plaintiffs provided services to defendants, plaintiffs would receive compensation, including equity interests in Pawaa"

5

(SAC ¶ 65); (2) that "[i]in or about February 14, 2014, Pawaa and Baskaran specifically misrepresented that if Martmann opened up accounts with service providers, such as cell phone companies, for the benefit of Pawaa and Baskaran, defendants would pay the charges from the service providers" (2AC ¶ 66). Plaintiffs allege that they relied on the misrepresentations, performed as agreed, and were not paid.

Defendants urge that, because the alleged fraud occurred in the context of a contractual relationship, it is barred by the economic loss doctrine. *See* Def. Br. at 15–16 (citing *Chen v. HD Dimension,* 2010 WL 4721514 at \*2 (D.N.J. Nov. 15, 2010)). It is true enough that a breach of contract cannot simply be recast as a fraud. It is equally true, however, that an independent fraud claim may arise from a promise made with no present intent to fulfill it. *Lightning Lube, Inc. v. Witco Corp.,* 4 F.3d 1153 (3d Cir. 1993).

Here, defendants vigorously contend that there was no contract in the first place, yet demand dismissal of the fraud claim because it is inconsistent with the contract. In this respect, they are no less inconsistent than the plaintiffs. At some point, plaintiffs may be barred from pursuing both claims, but for now, I will permit plaintiffs to plead both theories in the alternative. *See generally* Fed. R. Civ. P. 8(d) (permissible to plead alternative or inconsistent theories).

The motion to dismiss is denied as to Count 5.

### E. Count 7 – Fraudulent conveyance

Count 7 alleges that, in connection with the Cisco acquisition of Pawaa, defendants made a distribution to Baskaran that left Pawaa an empty shell that could not pay plaintiffs what it owed them. This was allegedly a fraudulent transfer under the UFTA, N.J. Stat. Ann. § 25:2-25 & 27.

Defendants contend first that plaintiffs are not "creditors" because they were owed nothing. That contention is disposed of in the preceding sections.

Defendants next contend that there is no sufficient allegation of "actual intent" to hinder or defraud a creditor, citing the particularity requirement of

Fed. R. Civ. P. 9(b). Even under that Rule, however, intent "may be alleged generally." Fed. R. Civ. P. 9(b). In any event, the complaint does allege certain factual indicia of intentional fraud: an insider beneficiary (Baskaran) (2AC ¶¶ 4, 7, 20); transfer of substantially all of the debtor's assets (*id.* ¶¶ 5, 20, 59, 84, 85); transfer to Baskaran abroad (*id.* ¶¶ 5, 20, 59, 84, 85); insufficient consideration (*id.* ¶¶ 20, 85); resulting insolvency (*id.* ¶¶ 210, 82, 83); and so forth.

Proof, of course, is quite a different matter, but the pleading is sufficient. The motion to dismiss is denied as to Count 7.

### F. Count 8 – Civil conspiracy

Count 8 alleges civil conspiracy. A civil conspiracy requires "(1) combination of two or more persons; (2) a real agreement or confederation with a common design; (3) the existence of an unlawful purpose to be achieved by unlawful means; and (4) special damages." *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 496 (D.N.J. 1998). The 2AC pleads interrelated facts and circumstances from which it could be inferred that defendants acted in concert to commit the wrongs alleged in the other counts.

The plan, according to the complaint, was to deprive plaintiffs of what they were owed. "Special damages," in the sense of a particularized economic or pecuniary loss which must be proven, are adequately pled. *E.g.,* 2AC ¶ 21 (fee in excess of $45,000 and compensation of $255,000 plus 5% of certain sales). *See generally W.J.A. v. D.A.*, 43 A.3d 1148, 1154 (N.J. 2012) ("special damage— an economic or pecuniary loss. Charles T. McCormick, Damages 415 (1935)."); *Beverly Enterprises, Inc. v. Trump*, 182 F.3d 183, 188 (3d Cir. 1999) (citing Restatement (Second) of Torts, § 575, comment b (special harm is "the loss of something having economic or pecuniary value")).

The motion to dismiss is denied as to Count 8.

### G.   Count 10 – Aiding and Abetting[3]

Count 10 alleges that Cisco aided and abetted the wrongful acts of the other defendants. "Under New Jersey law, aiding and abetting requires a plaintiff to show that the principal performed an unlawful act; and the defendant knowingly and substantially assisted in the principal's violation, and was generally aware of his role as part of an overall tortious activity at the time he provided assistance." *Delzotti v. Morris*, No. 14-7223, 2015 WL 5306215 at *8 (D.N.J. Sept. 10, 2015) (citing *New Jersey ex rel. McCormac v. Qwest Commc'ns Int'l, Inc.*, 387 N.J. Super. 469, 480-84 (App. Div. 2006)).

Defendants initially deny that there was any underlying unlawful activity to be aided or abetted. That argument is foreclosed by my disposition as to the other counts, above. It is sufficiently pled that Cisco, with the requisite knowledge, helped the other defendants in their plan to deny plaintiffs payment for their services and the benefit of their equity interests.

The motion to dismiss is denied as to Count 10.

### H.   Count 11 – Tortious Interference

Count 11 alleges that Cisco tortiously interfered with the contractual relationship between the plaintiffs and Pawaa. The interference consisted of structuring the acquisition so that the proceeds were allegedly spirited abroad. That allegedly ensured that plaintiffs could not be paid for their services or compensated in accordance with their rightful equity interests.

A tortious interference claim requires (1) a protected interest or contract; (2) interference with malice; (3) causation; and (4) damages. *See Printing Mart–Morristown v. Sharp Elecs. Corp.*, 563 A.2d 31, 37 (N.J. 1989); *Fineman v. Armstrong World Industries, Inc.*, 980 F.2d 171, 186 (3d Cir. 1992). This tort can be committed only by an outsider, *i.e.*, a non-party to the contract. "Malice" is a term of art; it requires, not ill-will as such, but actions without justification or excuse, in violation of the "rules of the game." *Printing Mart*, 563 A.2d at 39–40.

---

[3]   Neither side devotes separate attention to Count 9, mentioning it only in passing while discussing Count 10.

Defendants, as before, claim inconsistency between plaintiffs' causes of action. Should Cisco be found to step into Pawaa's shoes as successor, then presumably it would take on the role of a contractual party; under those circumstances, the proper cause of action would be for breach of contract, not tortious interference with the contract of another. I will, however, permit pleading in the alternative.

Defendants deny that there is a sufficient allegation of malice. The complaint alleges, however, that Cisco was on notice of plaintiffs' rights and equity interests; that it participated in the structuring of the transaction so that the proceeds would be diverted abroad to Baskaran; and so forth. That is a sufficient allegation that Cisco acted with malice, *i.e.,* wrongfully and in a manner not justified by its own legitimate interests.

The motion to dismiss is denied as to Count 11, the tortious interference claim.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss the Second Amended Complaint is denied. An appropriate Order follows.

Dated: July 13, 2016

_____
HON. KEVIN MCNULTY, U.S.D.J.